1    J. Robert Renner (SBN 148587)
**DUANE MORRIS** LLP
2    865 South Figueroa Street, Suite 3100
Los Angeles, CA 90017-5450
3    Telephone: +1 213 689 7400
Fax: +1 213 689 7401
4    E-mail:     rrenner@duanemorris.com

5    Attorneys for Defendant
WRIGHT MEDICAL TECHNOLOGY, INC.,

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMERA D. SAUNDERS,<br><br>          Plaintiff,<br><br>  v.<br><br>WRIGHT MEDICAL TECHNOLOGY, INC., A Corporation; and DOES 1-100, Inclusive,<br><br>          Defendants. | Case No.: **'19CV2112 AJB KSC**<br><br>**DEFENDANT WRIGHT MEDICAL TECHNOLOGY, INC.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446 (DIVERSITY JURISDICTION)**<br><br>JURY TRIAL DEMANDED<br><br>Complaint Filed: September 24, 2019 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF AND HER ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Wright Medical Technology, Inc. ("WMT") hereby removes Superior Court of the State of California, County of San Diego ("San Diego Superior Court") Case No. 37-2019-00050648-CU-PL-NC, titled *Tamera D. Saunders v. Wright Medical Technology, Inc., and Does 1–100*, to the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 on the basis of diversity jurisdiction.

## I. PROCEDURAL HISTORY AND VENUE

1. On September 24, 2019, Plaintiff Tamera D. Saunders ("Plaintiff") filed a Complaint for Damages ("Complaint") in the San Diego Superior Court against WMT and Does 1 through 100.

2. The Complaint and Summons were served on WMT through its registered agent, Corporation Service Company, on October 4, 2019. This Notice of Removal is thus timely pursuant to 28 U.S.C. § 1446(b) (notice of removal shall be filed within 30 days of service of the initial pleading, or within 30 days after the service of summons).

3. This Notice of Removal is also timely under 28 U.S.C. § 1446(b), as it is being filed within one (1) year of the commencement of this action.

4. A true and correct copy of the Complaint, along with all other process, pleadings, and orders served upon WMT as of November 4, 2019, are attached hereto as follows:

| Attachment No. | Document |
| --- | --- |
| Exhibit A | Complaint |
| Exhibit B | Summons |
| Exhibit C | Civil Case Cover Sheet |

5.      The San Diego Superior Court is located within the Southern District of California. *See* 28 U.S.C. § 84(d). Thus, venue is proper in the Southern District of California. *See* 28 U.S.C. § 1441(a).

6.      No other defendant besides WMT is named in the Complaint. *See generally* Ex. A. The defendants designated as Does 1 through 100 are fictitious defendants, are not parties to the action, have not been served, and are properly disregarded for the purposes of removal. 28 U.S.C. § 1441(b)(1); *see also Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690–91 (9th Cir. 1998).

## II.  GROUNDS FOR REMOVAL

7.      This Court's jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. §§ 1332 and 1441(b). Specifically, this action is a civil matter between citizens of different states in which the amount in controversy exceeds $75,000.

### A.   Summary of Allegations

8.      In the Complaint, Plaintiff purports to assert claims for (1) negligent design and failure to warn or instruct; (2) strict products liability: defective design; (3) strict products liability: manufacturing defect; (4) strict products liability: failure to warn; (5) negligent misrepresentation; (6) fraud by concealment; (7) fraudulent misrepresentation; and (8) punitive damages.

9.      Plaintiff alleges that she underwent a surgical procedure on February 21, 2005 in Fallbrook, California during which she received a left hip implant that was allegedly designed, developed, manufactured, distributed, sold, and/or marketed by WMT. *See* Ex. A at ¶¶ 5, 11, 143–45, 151. Plaintiff alleges further evaluation identified "increased metal blood ion levels and pain," which purportedly resulted in a revision surgery on September 25, 2017 in Riverside, California. *Id.* at ¶¶ 154–56.

### B.   There is Complete Diversity

10.     Complete diversity of citizenship exists because, on one hand, Plaintiff is a citizen of the State of California, and on the other hand, WMT is a citizen of the States of Delaware and Tennessee.

11. At the time Plaintiff filed the action in the San Diego Superior Court and at the time of removal, Plaintiff was and is a citizen and resident of the State of California. *See* Ex. A at ¶ 3.

12. A corporation is a citizen of every state by which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). At the time Plaintiff filed the action in the San Diego Superior Court and at the time of removal, WMT was and is a citizen of the States of Delaware and Tennessee because WMG is a Delaware corporation with its principal place of business in Tennessee. *See* Ex. A at ¶ 4.

### C. The Amount in Controversy Exceeds $75,000

13. Plaintiff claims the following damages as a result of the alleged defective implant: medical and incidental expenses (past and future); loss of earnings and/or earning capacity (past and future); pain and suffering, emotional distress, and mental anguish (past and future); punitive and exemplary damages; interest (pre- and post-judgment); and costs, including reasonable attorneys' fees. *See* Ex. A. at pp. 43–44.

14. Plaintiff affirmatively pleads that she seeks "an amount . . . of Five Million Dollars ($5,000,000.00)." *See* Ex. A at p. 44, ¶ (i). It is therefore facially apparent that the amount in controversy exceeds $75,000. *Montgomery v. Specialized Loan Servicing, LLC*, No. 18 CV-1257 PSG (KK), 2018 WL 3756413, at *4 (C.D. Cal. Aug. 6, 2018), *aff'd*, 772 F. App'x 476 (9th Cir. 2019) ("Here, Plaintiffs allege damages in excess of $1,000,000, which is sufficient to establish the amount in controversy"); *Hoffman v. Ocwen*, No. SACV-1401378-CJC-RZX, 2014 WL 12603071, at *2 (C.D. Cal. Sept. 22, 2014) (amount in controversy met where plaintiff sought damages in excess of $75,000 "[o]n the face of the Complaint").

15. Regardless of Plaintiff's express demand for $5 million in damages, a fair reading of the Complaint and the experience of undersigned counsel in these types of cases, as well as the magnitude of damage awards in state and federal courts

in this jurisdiction and elsewhere, indicate that the amount in controversy, exclusive of interests and costs, exceeds $75,000. *See Cagle v. C&S Wholesale Grocers, Inc.*, 2014 U.S. Dist. LEXIS 21571, at *19 (E.D. Cal. Feb. 18, 2014) (if the complaint is silent on the damages amount, a defendant may remove to federal court by showing by a preponderance of the evidence that the amount in controversy exceeds $75,000); *Milter v. Wright Med. Tech., Inc.*, 2011 U.S. Dist. LEXIS 105692 (E.D. Mich. Sept. 19, 2011) (holding that claims of physical injuries, resulting medical expenses, and lost wages resulting from receipt of allegedly defective hip implant exceeded jurisdictional threshold); *Devore v. Howmedica Osteonics Corp.*, 658 F. Supp. 2d 1372, 1381 (M.D. Fla. 2009) (concluding that jurisdictional threshold was met in products liability action involving allegedly defective hip implant manufactured by Stryker, where plaintiff sought damages for physical pain and medical expenses); *Culpepper v. Stryker Corp.*, 968 F. Supp. 2d 1144, 1158 (M.D. Al. 2013) (determining that jurisdictional threshold was met in case alleging defects in Stryker knee replacement components where plaintiff alleged injuries including revision surgeries, medical expenses, emotional suffering, and punitive damages, where plaintiff made an unspecified demand in complaint). Therefore, WMT has shown, by a preponderance of the evidence, that removal is appropriate from the face of Plaintiff's Complaint. *See Farris v. Am. Med. Sys., Inc.*, 185 F. Supp. 3d 1102, 1103, 1107 n.2 (S.D. Iowa 2015) (finding defendant established by preponderance of the evidence that damages exceeded $75,000, and removal was appropriate, based on Complaint's allegations of defective implant).

## III.   OTHER PROCEDURAL REQUIREMENTS

16.   Counsel for WMT certify that in accordance with 28 U.S.C. § 1446(d), copies of this Notice of Removal and all supporting papers will be served upon Plaintiff's counsel and filed forthwith with the San Diego Superior Court.

17.   By virtue of this filing on behalf of WMT, all Defendants consent to removal of this action.

## IV. CONCLUSION

18. WMT respectfully requests that this Court accept Defendants' Notice of Removal.

Dated: November 4, 2019

**DUANE MORRIS** LLP

By: /s/ *Robert Renner*
J. Robert Renner

Attorneys for Defendant
WRIGHT MEDICAL TECHNOLOGY, INC.